**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUPERNUS PHARMACEUTICALS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AJANTA PHARMA LIMITED, AJANTA PHARMA USA INC., TORRENT PHARMACEUTICALS LTD., and TORRENT PHARMA INC.,<br><br>Defendants. | Civil Action No. 21-06964 (GC) (DEA)<br>Civil Action No. 21-14268 (GC) (DEA)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

This matter comes before the Court upon three motions: *first*, Plaintiff Supernus Pharmaceuticals, Inc.'s ("Supernus") Motion *in Limine* to preclude Defendants Torrent Pharmaceuticals Ltd. and Torrent Pharma Inc. (collectively, "Torrent") from presenting defenses not disclosed in Torrent's local patent rule contentions or expert reports (ECF Nos. 126, 127); *second*, Torrent's Motion *in Limine* to preclude certain testimony of Supernus' expert Mansoor A. Khan (ECF No. 128); and *third*, Torrent's Motion *in Limine* to preclude Supernus from asserting infringement under the doctrine of equivalents at trial (ECF No. 129). The Court has carefully considered the parties' submissions and decides the motions without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b).

I.     **LEGAL STANDARD**

District courts have "wide discretion in determining the admissibility of evidence under the Federal Rules." *United States v. Abel*, 469 U.S. 45, 54 (1984). "Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of fact, a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990). "The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). "Evidence should not be excluded pursuant to a motion *in limine*, unless it is clearly inadmissible on all potential grounds. . . . The movant bears the burden of demonstrating that the evidence is inadmissible on any relevant ground, and the court may deny a motion *in limine* when it lacks the necessary specificity with respect to the evidence to be excluded." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) (citations omitted). A trial court's ruling on a motion *in limine* is "subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer. Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

With respect to bench trials, "the gatekeeping function of the court is relaxed . . . because a court is better equipped than a jury to weigh the probative value of expert evidence." *Warner Chilcott Lab'ys Ireland Ltd. v. Impax Lab'ys, Inc.*, Civ. No. 08-06304, 2012 WL 1551709, at *23 (D.N.J. Apr. 30, 2012), *aff'd sub nom. Warner Chilcott Co., LLC v. Impax Lab'ys, Inc.*, 478 F. App'x 672 (Fed. Cir. 2012); *see also Magistrini v. One Hour Martinizing Dry Cleaning*, 180 F.

Supp. 2d 584, 596 (D.N.J. 2002), *aff'd*, 68 F. App'x 356 (3d Cir. 2003) ("[W]here the Court itself acts as the ultimate trier of fact at a bench trial, the Court's role as a gatekeeper pursuant to *Daubert* is arguably less essential."); *see, e.g.*, *Grande Vill. LLC v. CIBC Inc.*, Civ. No. 14-3495, 2018 WL 3085207, at *6 (D.N.J. June 22, 2018) ("CIBC's arguments for excluding testimony carry substantially less weight when the Court acts as fact-finder.").

Further, "[a] trial court considering a motion in limine may reserve judgment until trial in order to place the motion in the appropriate factual context," *Tartaglione*, 228 F. Supp. 3d at 406 (citations omitted), and "a trial court's ruling on a motion in limine is 'subject to change when the case unfolds, particularly if actual testimony differs from what was contained in the movant's proffer,'" *id.* (quoting *Luce*, 469 U.S. at 41).

## II. DISCUSSION

### A. Supernus' Motion *in Limine*

Supernus moves *in limine* to preclude Torrent or its expert Dr. Felton from raising at trial noninfringement defenses that were not disclosed in (i) Torrent's Local Patent Rule 3.6(e) Noninfringement Contentions or (ii) the Felton Rebuttal Report. (ECF No. 127-1.)

Torrent counters, among other things, that it "has no intention of eliciting" from Dr. Felton "testimony suggesting that the 'extended release (XR) topiramate-containing component' limitation is literally absent from Torrent's ANDA Products." (ECF No. 138 at 4.[1]) Given Torrent's stipulation not to elicit the objected-to testimony from its expert, the Court grants Supernus' Motion *in Limine* in part to preclude Torrent from eliciting such testimony from Torrent's expert. *See Chiesi USA, Inc. v. Aurobindo Pharma USA, Inc.*, Civ. No. 19-18756, 2022

---

[1] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

WL 304574, at *4-5 (D.N.J. Jan. 9, 2022) (granting motion *in limine* precluding testimony on indefiniteness theory not disclosed in contentions); *Merck Sharp & Dohme Corp. v. Sandoz, Inc.*, Civ. No. 12-3289, 2014 WL 997532, at *9 (D.N.J. Jan. 6, 2014), *aff'd*, 2014 WL 1494592 (D.N.J. Apr. 16, 2014) (striking portions of expert reports that rely on prior art not disclosed in contentions); *Janssen Pharms., Inc. v. Mylan Lab'ys Ltd.*, Civ. No. 20-13103, 2023 WL 3605733, at *12 (D.N.J. May 23, 2023) (ruling that defense disclosed in expert report but not in non-infringement contentions was untimely). The Court reserves, however, on deciding whether Torrent may cross-examine Supernus' expert on the absence of evidence establishing that the Torrent ANDA products contain an extended release (XR) topiramate-containing component. At trial, Supernus may renew the objection that an accused infringer's failure to include in its non-infringement contentions an "absence of evidence" defense to an asserted claim has the effect of conceding that claim. *But see Chiesi USA*, 2022 WL 304574, at *6 (noting that plaintiff moving *in limine* to preclude undisclosed non-infringement testimony still "assures the Court that it intends to provide affirmative evidence of infringement and that [defendant] can argue that [plaintiff] has not met its burden, by for example, cross-examining [plaintiff]'s experts").

    **B.**    **Torrent's First Motion *in Limine***

Torrent first moves *in limine* to preclude testimony of Supernus' expert, Mansoor A. Khan, that is (i) contrary to the Court's claim constructions and (ii) based on unreliable sources. (ECF No. 128-1 at 4.) The Court will address each of these in turn.

    1.    <u>Claim Construction</u>

As to the first issue, Torrent argues that Dr. Khan applied a claim construction erroneously selecting "1 hour" as a timepoint around which he defines the terms "predetermined period of time" for an "extended release," "immediate release formulation," and "prolonged period of time."

4

(ECF No. 128-1 at 5.) *See Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009) ("Once a district court has construed the relevant claim terms, and unless altered by the district court, then that legal determination governs for purposes of trial. No party may contradict the court's construction to a jury.").

Supernus counters that Torrent's motion concerns a claim limitation — "extended release (XR) component" — on which Torrent cannot rely at trial for noninfringement, as detailed in Supernus' Motion *in Limine* (ECF No. 136 at 4); that Dr. Khan's opinion is not contrary to the Court's construction of an "extended release (XR) topiramate-containing component," as Dr. Khan's report notes that his "analysis is based on the Court's construction of this phrase" (*id.*); that Dr. Khan's analysis of the release profile of the Torrent ANDA Products comports with the Court's construction of the term "predetermined period of time" as referring to "the period of time necessary to achieve the 'predetermined release profile' for the particular 'sustained release' formulation" (*id.* at 6); and that such "[b]ottom-line disagreements more appropriately go to the weight of the evidence," *Sun Pharma Glob. Fze v. Lupin Ltd.*, Civ. No. 18-02213, 2021 WL 856886, at *7 (D.N.J. Mar. 8, 2021).

The Court reserves on deciding this Motion until it hears Dr. Khan's testimony at trial. Torrent may renew its objection at that time.

    2.    <u>Definition of Acrylic Polymer</u>

Next, Torrent asserts that although Supernus did not seek construction of the term "acrylic" and the Court did not adopt a special definition of the term "acrylic polymer," Dr. Khan now advances a special definition of the term "acrylic" under the guise that a POSA would consider that definition in determining whether a particular compound was an acrylic polymer. (ECF No. 128-1 at 6.) Torrent also asserts Dr. Khan's definition of "acrylic polymer" is not reliable under

Fed. R. Evid. 702(b)-(c), because the source on which he relies for that definition — Webster's New World Dictionary — is not a technical, scientific source on which a POSA would rely. (ECF No. 128-1 at 6-7.) Torrent asserts that Dr. Khan should have relied on chemical dictionaries, which include definitions of other terms that are not in the "general-purpose" Webster's New World Dictionary but are important for evaluating whether a compound is an acrylic polymer. (*Id.* at 7.)

Supernus counters that in the absence of a specific definition ordered by the Court, the "words in a claim are generally given their ordinary and customary meaning" (ECF No. 136 at 6-7), *see Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996); that Torrent, six months after receiving Supernus' contentions, told the Court that the "acrylic polymer" claim limitation is "not relevant to the claims asserted against Torrent" (ECF No. 136 at 7); that Dr. Khan relies on his "more than 30 years of education and training" and "extensive experience researching acrylic polymers . . . used in the infringing Torrent ANDA Products"; that "Webster's New World Dictionary of American Language, Second College Edition is well known and highly reliable"; and that Torrent may, instead, challenge Dr. Khan's source through cross-examination and presentation of contrary evidence (*id.* at 8).

The Court reserves on deciding this Motion, until it hears Dr. Khan's testimony at trial. Torrent may renew its objection at that time.

### C.     Torrent's Second Motion *in Limine*

Torrent also moves *in limine* to bar by prosecution history estoppel Supernus from asserting the doctrine of equivalents to capture Torrent's ANDA products. (ECF No. 129-1.) Torrent argues that during the prosecution history of the '580 patent, which is "part of the same patent 'family'" as the asserted patents here, the applicant narrowed the scope of one of the claims "from encompassing a general 'release controlling coating' material to require 'a coating material

6

selected from the group consisting of cellulosic polymers and acrylic polymers,'" and thus, "any release controlling coating material other than cellulosic and acrylic polymers cannot be equivalent to the claimed coating material." (*Id.* at 5-6.)

Supernus counters with two arguments, the most compelling of which is that Torrent's motion *in limine* based on prosecution history estoppel, in this case, is improperly "tantamount to a request for summary judgment of noninfringement under the doctrine of equivalents." (ECF No. 137 at 4-6.)

The Court agrees with Supernus and reserves on deciding this Motion until after it hears and considers all of the witnesses' testimony and parties' arguments at trial, including post-trial submissions. *See Wasica Fin. GmbH v. Schrader Int'l, Inc.*, Civ. No. 13-1353, 2020 WL 509182, at *1 (D. Del. Jan. 31, 2020) ("Defendants may also move post-trial for judgment as a matter of law based on prosecution history estoppel – a question of law the Court is not prepared to decide based on the limited briefing permitted for a MIL . . . ."); *see also Hormone Rsch. Found., Inc. v. Genentech, Inc.*, 904 F.2d 1558, 1564 (Fed. Cir. 1990) ("[T]he scope of [prosecution history] estoppel can depend on factual questions regarding the prosecution history, which may be disputed and preclude a disposition of the issue on summary judgment.").

## III. ORDER

NOW, THEREFORE, for the reasons set forth above, and other good cause shown,

**IT IS** on this 28th day of July, 2023, **ORDERED** as follows:

1. Supernus' Motion *in Limine* (ECF No. 126) is **GRANTED** in part. Torrent is precluded from eliciting from its expert testimony about the absence of evidence or Supernus' alleged failure to prove that Torrent's ANDA products contain an extended release (XR) topiramate-containing component. The Court **RESERVES**

7

on deciding whether Torrent may cross-examine Supernus' expert about the absence of such evidence or Supernus' satisfaction of its burden of proof.

2. The Court **RESERVES** on deciding Torrent's First Motion *in Limine* (ECF No. 128).

3. The Court **RESERVES** on deciding Torrent's Second Motion *in Limine* (ECF No. 129).

4. The Clerk's Office is directed to **ADMINISTRATIVELY TERMINATE** the parties' motions (ECF Nos. 126, 128, 129) pending the trial's outcome.

*s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**